```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
UNITED STATES OF AMERICA            :
                                    :    18 CR 229 (VM)
     - against -                    :
                                    :
PEDRO SOSA,                         :    DECISION AND ORDER
                                    :
               Defendant.           :
------------------------------------X
```
**VICTOR MARRERO, United States District Judge.**

Pedro Sosa ("Sosa") is currently serving a sentence of 40 months' imprisonment at the Metropolitan Detention Center ("MDC") in Brookyln. (See Dkt. No. 71 at 2.) By an undated letter, Sosa moves this Court for compassionate release or home confinement. (See "Motion," attached). The Court now construes the Motion as being made pursuant to 18 U.S.C. Section 3582(c)(1)(A) ("Section 3582"). For the reasons set forth below, the Court DENIES the Motion at this time.

Section 3582 allows a court to reduce a term of imprisonment or supervised release after considering the factors set forth in 18 U.S.C. Section 3553(a) and finding that "extraordinary and compelling reasons warrant such a reduction." See Section 3582(c)(1)(A)(i). However, a court may do so only upon motion of the Director of the Bureau of Prisons ("BOP") or "upon motion of the defendant after the defendant has fully exhausted all administrative rights to

appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." See Section 3582(c)(1)(A).

Any reduction of sentence under Section 3582 must also be "consistent with applicable policy statements issued by the [United States] Sentencing Commission." Id. United States Sentencing Guidelines Section 1B1.13 ("Section 1B1.13") provides guidance on the circumstances under which "extraordinary and compelling reasons" exist.

In the Motion, Sosa requests compassionate release or home confinement based on the threat generally posed by the COVID-19 pandemic. (See Motion at 1–2.) Sosa argues that the MDC is not a safe or sanitary environment and has failed to adequately test inmates, such that the fourteen recorded cases of COVID-19 in the facility likely underestimate the virus's spread. (See id.) Sosa alleges that he submitted a request for compassionate release to the Warden of his facility during the week of May 24, 2020, but received no response. (Id. at 1.)

The Court is currently constrained to deny the Motion, as Sosa provides no documentation of his request to the BOP. See United States v. Mathis, No. 02 CR 891, 2020 WL 550645, at *1 (E.D.N.Y. Feb. 4, 2020); United States v.

2

Bolino, No. 06 CR 806, 2020 WL 32461, at *1 (E.D.N.Y. Jan. 2, 2020). Absent proof that such a request was made, the Court cannot verify that Sosa has exhausted his administrative remedies. The Court is thus powerless to act. As the Supreme Court has instructed, "[w]here Congress specifically mandates, exhaustion is required." McCarthy v. Madigan, 503 U.S. 140, 144 (1992). Multiple United States Courts of Appeals have confirmed that Section 3582's exhaustion requirements cannot be waived, even during the current pandemic. See United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020); United States v. Alam, 960 F.3d 831, 833-34 (6th Cir. 2020). However, the Court notes that Sosa may renew his Motion if he attaches documentation proving his satisfaction of the exhaustion requirements.

While the Court need not address the merits of the Motion, the Court notes that the grounds for release cited by Sosa currently do not present the "extraordinary and compelling reasons" for relief required by Section 3582. The Court is mindful of the concerns that the pandemic presents, but Sosa has not currently alleged any details to suggest he faces a greater risk than his fellow inmates at the MDC. Numerous courts have found that the risks posed by the pandemic alone do not constitute extraordinary and compelling reasons for release, absent additional factors

3

such as advanced age or serious underlying health conditions that place a defendant at greater risk of negative complications from the disease. See, e.g., United States v. Yeison Saldana, No. 15 CR 712, 2020 WL 2395081, at *2 (S.D.N.Y. May 12, 2020); United States v. Shawn Olszewksi, No. 15 CR 364, 2020 WL 2420483, at *2-3 (S.D.N.Y. May 12, 2020); United States v. Jaramillo, No. 17 CR 4, 2020 WL 2306564, at *1 (S.D.N.Y. May 8, 2020). If Sosa has serious underlying health conditions that might warrant release, he may raise them in a renewed motion upon compliance with the exhaustion requirements of Section 3582.

Accordingly, it is hereby

**ORDERED** that the motion of Pedro Sosa ("Sosa") for compassionate release (see attached letter) is **DENIED**. Sosa may refile his motion upon compliance with the exhaustion requirements set forth in 18 U.S.C. Section 3582(c)(1)(A). The Clerk of Court is directed to mail this Decision and Order to Pedro Sosa at M.D.C. Brooklyn, 80 29th Street, Brooklyn, NY 11232.

**SO ORDERED.**

Dated: New York, New York
      24 July 2020

_____
Victor Marrero
U.S.D.J.

RECEIVED JUL 21 2020 CHAMBERS OF JUDGE MARRERO

Dear Judge Marrero,

My name is Pedro Sosa and I'm writing to you to humbly ask you for a compassionate release in the wake of this global pandemic of COVID-19. My docket number is 18CR229 and I have been sentenced by you, Your Honor to a 40 months term for a Felon in Possession of a firearm (922G). So far I have served 28 months out of the whole term and my projected release date is on January 26, 2021 which means that I have 6 months left to serve. Your Honor I have also wrote to the Warden on the week of May 24th requesting Compassionate Release and home Confinement and unfortunately they havent replied as of date im writing this letter.
Im scared for my health and life as New York City is the number 1 hotspot of Corona Virus in the U.S. and right now Im being detained in Brooklyn Metropolitan Detention Center.

As you are aware of this chaotic time that we are facing right now which has affected all of us in ways we never imagined. This also has impacted the Detention Center in a negative way; I'd like to inform you that what I've experienced in this MDC has been total neglect by the staffs and administration. The current inmate bulletin of MDC Brooklyn as of June 27, 2020 stated that fourteen inmates have Tested positive for Covid-19. This number Seems miniscule however, none of the inmates in my unit has been tested as of yet and it holds 124 inmates. If my unit has been screened or tested, since the outbreak that began in February, Then I highly doubt the inmates from different housing units have been tested for the virus as well. Thus I would speculate that the number of inmates who are positive for Corona Virus would be Significantly higher than what the administrations have reported. Additionally, they havent been

Providing us inmates with the proper safety supplies such as W95 masks and gloves or hand sanitizer. For the reasons I have just stated your Honor, I'm terribly afraid that I would contract the deadly virus and have to suffer the ill effects.

Honorable Judge Marrero, I would like you to be empathetic towards me and would like to ask you for a compassionate release, please your Honor, that you grant me a compassionate release; if that deems too much, then as alternative I would be greatful for home confinement. IF granted to be release or home confinement, I would stay at home with my mom and little brother who lives in NY, NY. Additional if I was permitted compassionate release, I'll be able to self-Quarantine amongst them so I can help my part in stopping the spread of the virus.

Thank you, Your Honor for your consideration and your time in reading this letter. God Bless.

*Pedro Sosa* #85408059

Pedro SoSa #85408054
M.D.C Brooklyn
80 29th Street
Brooklyn, NY 11232

Victor Marrero United States
500 Pearl Street Room 120 Court House
New York, NY 10601-4150